<u>**VIA ECF**</u>

Shiyang Huang
2813 SW Rother Rd.
Topeka, KS 66614
314-669-1858
defectivesettlement@gmail.com

June 17, 2026

Lyle W. Cayce
United States Court of Appeals, Fifth Circuit
Office Of the Clerk, F. Edward Hebert Building
600 S. Maestri Place,
New Orleans, LA 70130-3408

RE:    ***Corrente v. The Charles Schwab Corp.,* No. 25-40774 (5th Cir.)**
       **Supplemental Authority Pursuant to Fed. R. App. P. 28(j)**

Dear Mr. Cayce:

Appellant-Objector Huang submits *Nathan v. Alamo Heights Indep. School. District,* No. 25-50695 (5th Cir. Apr. 21, 2026) (en banc) supporting his position that class representative "service awards" are illegal.

*First, Nathan* reaffirmed the Supreme Court "does not normally overturn, or so dramatically limit, earlier authority *sub silentio*." Rather, "the Supreme Court abrogates its cases with a bang." Slip Op. at *67. "[W]e lack the authority to recognize 'implicit' overruling by the [Supreme] Court of its precedent." *Id.* at *68.

But Plaintiffs (Br. 67-68) cite cases that held *China Agritech v. Resh,* 584 U.S. 732, 747 n.7 (2018) ***implicitly*** approved service awards. *See Nat'l Vet. Legal Serv. v. United States,* 170 F.4th 1353, 1367 (Fed. Cir. 2026) ("*NVLS*"); *Scott v. Dart,* 99 F.4th 1076, 1087 (7th Cir. 2024); *In re Apple Inc. Device Perf. Litig.,* 50 F.4th 769, 785 (9th Cir. 2022); *Moses v. New York Times Co.,* 79 F.4th 235, 255 (2d Cir. 2023).

1

*Second, Nathan* reaffirmed the *stare decisis* doctrine that it is the "[Supreme] Court's prerogative alone to overrule one of its precedents … [T]he only court that can overturn a Supreme Court precedent is the Supreme Court itself." Slip op. at \*77.

Huang (Br. 43-45) did not rely on this view; however, Plaintiffs (Br. 66-67) support Huang's position by failing to identify *any* case overruling *Trustees v. Greenough,* 105 U.S. 527 (1882) or *Central Railroad & Banking Co. v. Pettus,* 113 U.S. 116 (1885).

Multiple circuits neglected *Greenough/Pettus* for antiquity. *E.g., Murray v. Grocery Delivery E-Servs. USA Inc.,* 55 F.4th 340, 352-53 (1st Cir. 2022); *NVLS,* 170 F.4th at 1365-66 (joining the Second, Seventh, Ninth Circuits to sidestep *Greenough/Pettus'* categorical prohibition because service awards appear less egregious on an inflation-adjusted comparison).

No "bang" abrogated *Greenough* and *Pettus* from the Supreme Court, and no *implicit* overruling is recognizable under *Nathan*.

*Nathan* is only compatible with *Johnson v. NPAS Sols., LLC,* 975 F.3d 1244, 1260 & n.12 (11th Cir. 2020) (rejecting *implicit* overruling); *id.* at 1259 & n.9 (following *Greenough, Pettus,* and *Kincade v. Gen. Tire & Rubber Co.,* 635 F.2d 501, 506 n.5 (5th Cir. 1981)).

<div style="margin-left:50%">

Respectfully Submitted,

/s/Shiyang Huang
Shiyang Huang
2813 SW Rother Rd.
Topeka, KS 66614
314-669-1858
defectivesettlement@gmail.com

</div>

(Body of the Letter: 348 words)