Bathaee :: Dunne :: LLP

Brian J. Dunne
Bathaee Dunne LLP
901 South MoPac Expressway
Barton Oaks Plaza I, Suite 300
Austin, TX 78746
(213) 462-2772 Tel

October 26, 2026

Lyle W. Cayce, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

Re: *Corrente, et al. v. The Charles Schwab Corp.*, No. 25-40774

Dear Mr. Cayce:

At Friday's oral argument in the above-captioned appeal, counsel for the State of Iowa referenced a recently-decided Order from the Ninth Circuit, *Newsom v. Trump*, __ F.4th __, 2026 WL 3179607 (9th Cir. Oct. 23, 2026).[1] Upon Iowa's discussion of a case released the morning of argument, Chief Judge Elrod "ask[ed] that everybody can have a chance to file a 28(j) within three business days on the *Newsom v. Trump* case that came out this morning . . . ."[2] Plaintiffs-Appellees respectfully submit this Rule 28(j) letter concerning the *Newsom v. Trump* Order.[3]

---

[1] There were two published *Newsom v. Trump* decisions released Friday morning by the Ninth Circuit, both by the same panel. *See Newsom v. Trump*, __ F.4th __, 2026 WL 3180273 (9th Cir. Oct. 23, 2026) (Opinion), and *Newsom v. Trump*, __ F.4th __, 2026 WL 3179607 (9th Cir. Oct. 23, 2026) (Order). Through a post-argument email to counsel, Iowa clarified that its reference was to the Order, 2026 WL 3179607.

[2] Quotations from oral argument are based on the recording posted to the Fifth Circuit's website, as an official transcript has not yet been filed.

[3] As Plaintiffs-Appellees were preparing to file this short Rule 28(j) letter concerning *Newsom v. Trump*, the Court issued a directive ordering the parties to file simultaneous letter briefs by November 6, 2026 on defined issues. Doc. No. 128. For avoidance of doubt, this Rule 28(j) letter is not Plaintiffs-Appellees' response to the October 26 Court Directive, but simply addresses the *Newsom v. Trump* case referenced by Iowa at oral argument Friday and the Court's statement that the parties should address that case through a "28(j)."

Iowa cited *Newsom v. Trump* as authority that "when there's been significant briefing and consideration by a panel during the pendency of an appeal, that the resources of the court are sometimes justified in resolving those tough questions." According to Iowa, "the same principles would apply here." Upon review of the *Newsom v. Trump* Order, Plaintiffs-Appellees do not believe it to have any meaningful relevance—persuasive or otherwise—to this appeal.

In *Newsom v. Trump*, the *appellant* (the United States) moved to dismiss its own appeal. 2026 WL 3179607 at *2. Although such a motion would "routinely" be granted in the Ninth Circuit, the decision is a discretionary one, as Federal Rule of Appellate Procedure 42(b)(2) provides that "[a]n appeal *may* be dismissed on the appellant's motion on terms agreed to by the parties or fixed by the court." *Id.* (emphasis added). The *Newsom v. Trump* panel concluded that it should decide the appeal despite the appellant's motion to dismiss for three reasons, one of which was that "the court and the parties have already invested substantial time in the appeal." *Id.* at *3.

The problem underpinning the motion to dismiss in this case (a motion filed by Plaintiffs-Appellees, not by an appellant) is that Iowa lacks standing—to object or to appeal. *See* Doc. Nos. 44 (motion), 66 (reply). Iowa's lack of standing is jurisdictional, not discretionary, and thus the *Newsom v. Trump* Order is simply not factually or procedurally on-point.

To the extent Iowa asserts that *Newsom v. Trump* should guide the Court's resolution of the *impact* of Iowa's lack of standing—that is, what issues and arguments are properly before the Court in an appeal in which only *pro se* objector Huang has standing, and Iowa is at best an *amicus*—Plaintiffs-Appellees respectfully submit that the Ninth Circuit's Order is simply not particularly enlightening on this issue.

Respectfully submitted,



Brian J. Dunne

cc: all counsel

## CERTIFICATE OF SERVICE

I certify that on October 26, 2026, I electronically filed Plaintiffs-Appellees' Fed. R. App. P. 28(j) letter with the Clerk of the Court of the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system. I certify that counsel for all participants (including Mr. Huang, *pro se*) are registered CM/ECF users with respect to this appeal, and that service on them will be accomplished by the appellate CM/ECF system.

*s/ Brian J. Dunne*