ERIC WESSAN
SOLICITOR GENERAL

1305 E. WALNUT ST.
DES MOINES, IA 50319
Main: 515-281-5164 • Direct: 515-281-9117
Email: eric.wessan@ag.iowa.gov
www.iowaattorneygeneral.gov

IOWA DEPARTMENT OF JUSTICE
OFFICE OF THE ATTORNEY GENERAL

October 27, 2026

**VIA CM/ECF**

Thomas B. Plunkett, Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3048

RE: No. 25-40774, *Corrente v. Schwab*, Objector-Appellants' 28(j).

Dear Mr. Plunkett:

Iowa submits *Newsom v. Trump*, Nos. 25-3727, 25-7781 (9th Cir. Oct. 23, 2026) (order) (published), which was referenced at argument as relevant to Plaintiffs' motion to dismiss Iowa's appeal. That motion was carried with the case and argued alongside the merits.

In *Newsom*, the appellants moved to dismiss their appeal after it was "fully briefed and argued," and after the court "had begun drafting an opinion." Slip op. 14. The Ninth Circuit denied the motion. It held "that a court's prior investment of time in preparing a decision is a relevant factor in deciding whether to dismiss." *Id.* (quoting *In re Nexium Antitrust Litig.*, 778 F.3d 1, 2 (1st Cir 2015)); *see Ford v. Strickland*, 696 F.2d 804 (11th Cir. 1983) (en banc). It also explained that refusing dismissal can "curtail strategic behavior" aimed at preventing a decision. *Id.* at 15 (quoting *Albers v. Eli Lilly & Co.*, 354 F.3d 644, 646 (7th Cir. 2004). By contrast, the court dismissed the companion appeal, which the parties had "not briefed" and to which the court had devoted no resources. *Id.* at 16.

The same considerations apply here. The Court's investment cannot supply Article III jurisdiction. But several questions before the Court call for discretion:

1. whether equitable considerations favor hearing an objector who participated below;
2. whether to reach Iowa's arguments through Huang's adoption of them under Rule 28(i); and

3. whether to decide the fee issues Iowa alone raised below.

On each, the Court has full briefing from every party, a complete record, and oral argument on both the motion and the merits. Plaintiffs did not contest Iowa's standing in the district court. *See, e.g.*, ROA.2128 n.12 (responding to Iowa as Objector). Dismissal now would set aside a fully developed presentation of issues the Court is positioned to decide. It would also leave the fee award without the adversarial review that the clear-sailing agreement otherwise precludes. *See* ROA.1323; ROA.2506; *Jones v. Singing River Health Services Found.*, 865 F.3d 285, 295 (5th Cir. 2017) ("'clear sailing' fee agreement" warrants "heightened standard of care in examining the allegations of collusion.").

Best regards,

*/s/Eric H. Wessan*

ERIC H. WESSAN
*Solicitor General*
Hoover State Office Building
1305 East Walnut Street
Des Moines, Iowa 50319
(515) 281-9117
eric.wessan@ag.iowa.gov

cc: Counsel of record (via ECF)

**CERTIFICATE OF SERVICE**

I, Eric H. Wessan, hereby certify that on October 27, 2026, I electronically filed the Notice of Supplemental Authority under Federal Rule of Appellate Procedure 28(j) with the Clerk of Court of the United States Court of Appeals for the Eighth Circuit using CM/ECF system. Pursuant to Rule 28(j), this Notice contains 348 words. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

October 27, 2026

*/s/ Eric H. Wessan*
ERIC H. WESSAN
*Solicitor General*