GIBSON DUNN

Jason J. Mendro
Partner
T: +1 202.887.3726
M: +1 202.812.2133
jmendro@gibsondunn.com

November 3, 2026

VIA CM/ECF

Thomas B. Plunkett, III
Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
Suite 115
New Orleans, LA 70130-3048

Re: *Corrente v. The Charles Schwab Corp.*, No. 25-40774

Dear Mr. Plunkett:

Defendant-Appellee The Charles Schwab Corporation respectfully submits this response to Iowa's notice of supplemental authority regarding *Newsom v. Trump*, __ F.4th __, 2026 WL 3179607 (9th Cir. Oct. 23, 2026).

As Plaintiffs have explained, ECF No. 160, *Newsom v. Trump* is irrelevant to this appeal. In that case, the United States moved to voluntarily dismiss its own appeal under Federal Rule of Appellate Procedure 42. In denying the motion and exercising its discretion to decide the appeal anyway, the Ninth Circuit emphasized that the case was fully briefed and argued, and that the court had already invested significant time in preparing a decision. 2026 WL 3179607, at *3. The equitable considerations relevant to dismissal under Rule 42 have no bearing on the jurisdictional question of whether Iowa has Article III standing. As Iowa concedes, "[t]he Court's investment [of resources] cannot supply Article III jurisdiction." ECF No. 162, at 1 ("Iowa Letter").

Iowa nonetheless suggests that the Court's investment of resources may bear on *other* discretionary questions before the Court. But *Newsom v. Trump* has nothing to say about (1) "whether equitable considerations favor hearing an objector who participated below," (2) "whether to reach Iowa's arguments through Huang's adoption of them," or (3) "whether to decide the fee issues Iowa alone raised below." Iowa Letter 1-2. Its rationale is limited to the Rule 42 context. In any event, as explained in detail in Schwab's forthcoming supplemental brief, "equitable considerations" have no role to play here because the Court lacks jurisdiction to entertain an appeal by a non-class member objector who did not intervene below, and Huang cannot adopt arguments that "Iowa alone raised below." *Id.*

Sincerely,

*/s/ Jason J. Mendro*

Jason J. Mendro

cc: Counsel of Record (via CM/ECF)