ERIC WESSAN
SOLICITOR GENERAL

1305 E. WALNUT ST.
DES MOINES, IA 50319
Main: 515-281-5164 • Direct: 515-281-9117
Email: eric.wessan@ag.iowa.gov
www.iowaattorneygeneral.gov

IOWA DEPARTMENT OF JUSTICE
OFFICE OF THE ATTORNEY GENERAL

November 6, 2026
**VIA CM/ECF**
Thomas B. Plunkett, III, Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3048

RE: No. 25-40774, *Corrente v. Charles Schwab Corp.*, Letter Brief of Objector-Appellant State of Iowa in Response to the Court's October 26, 2026 Letter (Dkt. 158).

Dear Mr. Plunkett:

Iowa answers the Court's three questions in order. *First*, Iowa has Article III standing, because the judgment binds the State's own *parens patriae* remedies, just as it binds every absent class member. *Second*, Iowa was authorized to participate as an objector, the district court treated it as one, and under *Devlin v. Scardelletti*, 536 U.S. 1 (2002), it may appeal without having intervened. *Third*, the Court should decide these questions now. A remand accomplishes nothing.

## I. Iowa Has Article III Standing.

**A.** The judgment binds Iowa's remedies. The class is a mandatory Rule 23(b)(2) class of all current Schwab brokerage customers, with no right to opt out. ROA.1176; ROA.1095. It released "any and all injunctive, equitable and non-monetary claims" arising from the merger, "including but not limited to any claim for divestiture." ROA.1339. That is the relief Plaintiffs pleaded. ROA.138 ¶¶ 487–88. A State may sue under Section 16 of the Clayton Act to obtain divestiture of a consummated merger, *California v. American Stores Co.*, 495 U.S.

271, 295–96 (1990), and Iowa law authorizes the Attorney General to seek equitable relief for Iowa consumers, Iowa Code § 714.16(7).

A class judgment may foreclose a later State action seeking the same relief for the same people. In *California v. IntelliGender, LLC*, California received CAFA notice and "chose not to participate." 771 F.3d 1169, 1172 (9th Cir. 2014). When it later sued for restitution for the same consumers, the Ninth Circuit held it bound: "Having chosen not to participate, the State is precluded from seeking the same relief sought in the CAFA class action." *Id.* at 1182. The inquiry, the court said, is "whether the government is suing for the same relief already pursued by the plaintiff." *Id.* at 1181. That is ordinary preclusion law, which binds nonparties adequately represented in "properly conducted class actions." *Taylor v. Sturgell*, 553 U.S. 880, 894 (2008). *IntelliGender* left California free to seek civil penalties and "broad injunctive relief" in its sovereign capacity, 771 F.3d at 1182, a point Schwab now presses, Schwab Ltr. 4–5. But *IntelliGender* drew its line between relief for the public at large and relief for the same consumers the class represented. A *parens* action by Iowa seeking divestiture or other equitable relief for Iowa's Schwab customers would seek exactly what this class pursued and released.

That preclusive effect is a present injury. Article III does not require Iowa to sue Schwab and lose on res judicata before complaining. A "substantial risk" of harm suffices. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014). Nor is the released remedy hypothetical. Pre-settlement, Plaintiffs' counsel told the district court that "a lot" of the merged business "could be feasibly divested or segregated." ROA.2888. Plaintiffs respond that Iowa has no "pending or contemplated" enforcement action. Pls. Br. 39.

But the absent class members bound by this judgment had not sued either. Schwab concedes the point that matters: under *IntelliGender*, Iowa "cannot sue to vindicate class members' rights after the settlement." Schwab Ltr. 4. That is the disposition of a remedy. And Schwab's letter does not disclaim preclusion there.

**B.** Iowa stands in *Devlin*'s shoes. *Devlin* held that timely objecting nonnamed class members may "appeal without first intervening," because they "are parties to the proceedings in the sense of being bound by the settlement." 536 U.S. at 10, 14. *Devlin* distinguished *Marino v. Ortiz*, 484 U.S. 301 (1988), on the ground that the judgment there "did not finally dispose of any right or claim" of the would-be appellants. 536 U.S. at 9.

Under *IntelliGender* and *Taylor*, this judgment disposes of Iowa's *parens* remedies just as it disposes of class members' claims. A State whose remedies are bound by a judgment it could not control or exit stands in the same position as an absent class member, and the same logic applies. The symmetry is the one *IntelliGender* assumes: a State that receives notice and stays silent is bound like a class member, so a State that receives notice and objects must be able to seek review like one.

Schwab says *Marino* "straightforwardly compels" dismissal because Iowa is not a class member. Schwab Ltr. 8. But *Devlin* drew the line at whether the judgment "finally dispose[s] of any right or claim" of the would-be appellant. 536 U.S. at 9. The officers in *Marino* were strangers to the decree and not bound by it. *See Taylor*, 553 U.S. at 884. Iowa is no stranger. By Schwab's own reading of *IntelliGender*, after this judgment Iowa "cannot sue to vindicate *class members'* rights." Schwab Ltr. 4.

The Eighth Circuit treats state officials' responses as part of the Rule 23 process. In *In re Uponor, Inc., F1807 Plumbing Fittings Products Liability Litigation*, 716 F.3d 1057 (8th Cir. 2013), the court weighed that "[n]o attorney general voiced any objection to the settlement terms," and it contrasted a case in which twenty-five had objected. *Id.* at 1064. CAFA notice exists to "provide a check on inequitable settlements." *Id.* at 1064–65 (quoting S. Rep. No. 109-14 (2005)); *see IntelliGender*, 771 F.3d at 1182 (CAFA "safeguards the State's ability to participate, comment, or object"). If state officials' silence counts toward approval, their objection must count as well. *Uponor* also shows what proper notice looks like: each attorney general received the complaint, settlement, preliminary approval order, and notice documents. 716 F.3d at 1064. Iowa received a cover page and a signature page numbered "4." ROA.1985–86; *see* ROA.2097 ¶ 6.

**C.** Iowa also has a quasi-sovereign interest in a statutory procedural right. States have quasi-sovereign interests in the economic well-being of their residents, shown by whether they have addressed the subject "through its sovereign lawmaking powers." *Alfred L. Snapp & Son, Inc. v. Puerto Rico ex rel. Barez,* 458 U.S. 592, 607 (1982). Iowa's Legislature has done just that. The Iowa Competition Law authorizes the State to "[p]revent or restrain conduct prohibited under this chapter and remove the conduct's effect by injunction, divestiture," and other equitable relief. Iowa Code §§ 553.12(1), 553.7. Iowa law also authorizes consumer relief, *id.* § 714.16(7), and requires that class settlements be fair, reasonable, and adequate, Iowa R. Civ. P. 1.262–1.263; *see* Iowa Code § 602.4202 (rules take effect only after submission to the Legislative Council).

That public has lost its equitable claims, and by the parties' own account it has also lost any class damages. ROA.2157; ROA.2948. Section 1715 adds a

procedural right that runs to the State: service of the settlement materials and a per-State count, 28 U.S.C. § 1715(b), and a ninety-day bar on approval, *id.* § 1715(d). Schwab calls this a "bare procedural violation." Schwab Ltr. 5 (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016)). It is not a right "in vacuo," *Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009), because it protects a concrete interest: the State's remedies, which a judgment entered without proper notice now forecloses.

This Court has held that a State holding a procedural right and a quasi-sovereign interest receives "special solicitude." *Texas v. United States*, 50 F.4th 498, 514–17 (5th Cir. 2022). Section 1715(f) disclaims any expansion of state authority, and Iowa claims none. Iowa's *parens* authority predates CAFA, and a ninety-day review period would be pointless if States could not act on what they review. Section 1715(e)(1) gives class members a remedy after the fact. It does not displace subsection (d), which is directed to the court. Indeed, that reflects the historical availability of the sovereign to intercede in the bill of peace, which the U.S. Supreme Court recently recognized as the direct ancestor of the modern class action. MTD Resp. at 4 (citing *Trump v. CASA, Inc.*, 606 U.S. 831, 847–48 (2025) & collecting cases).

**D.** Plaintiffs' authorities do not control. For example, *Paterson* adjudicated Texas's interest in escheating less than $50,000 in future uncashed checks, an interest the Court found speculative. *Paterson v. Texas*, 308 F.3d 448, 450–51 (5th Cir. 2002). Texas invoked no quasi-sovereign interest, no procedural right, and no preclusion, and *Paterson* predates CAFA. *Chapman v. Tristar Products, Inc.*, 940 F.3d 299, 306 (6th Cir. 2019), turned on Arizona's failure to show that its laws had addressed the subject. It did not consider preclusion.

**E.** Plaintiffs warn that Iowa's theory would let its Attorney General "appear as a party in any federal lawsuit in the country." MTD 15. That goes too far. Iowa's position reaches only class settlements, and only where three conditions are met. (1) The defendant had to serve the State under § 1715(b) because class members reside there. (2) The State timely objected through the court's procedure. And (3) the judgment binds the State's residents in a class they could not leave and releases relief the State could otherwise seek for them. Those limits track the settlements Congress itself singled out for state review, and they exclude ordinary private litigation and States that sat on their notice.

## II. Iowa Was Authorized to Participate as an Objector, and Intervention Was Unnecessary.

The district court's preliminary approval order said that no "Settlement Class Member or other Person" could contest approval or fees "unless that Person has filed the objection" thirty days before the hearing, and that "[a]ttendance at the Fairness Hearing is not necessary." ROA.1181 ¶ 22. The parties' settlement defines "Person" to include any "government or any political subdivision or agency thereof." ROA.1336 ¶ 1.17. Under the district court's approach, Iowa qualifies. Iowa timely objected. ROA.1956. The court ruled on the objection by name, identifying Iowa as the only objector to the lodestar, multiplier, and fee notice. *See* ROA.2499 nn.5–6. No one questioned Iowa's authority below. ROA.2128 & nn.11–12. Schwab agrees that Iowa's "role as a non-party objector in the district court is undisputed," and that Iowa "did not need Article III standing to object below." Schwab Ltr. 1, 10.

Plaintiffs note that Rule 23(e)(5)(A) says "[a]ny ***class member*** may object." MTD 15. But that rule sets a floor and guarantees class members a right to object. It does not forbid a court from hearing other objections. Here the

court invited "other Person[s]," and CAFA assumes that officials served under § 1715 will "react" to "unfair" settlements. S. Rep. No. 109-14, at 32.

Plaintiffs also attack the state-law source of the Attorney General's authority, calling Iowa Code § 13.2 "incredibly broad and non-specific" and warning that it would allow the Attorney General to "appear as a party in any federal lawsuit in the country." MTD 15. The Iowa Supreme Court's recent construction of the Attorney General authority statute may help this Court.

In *In re $11,500 Seized from Bitcoin Depot Operating, LLC*, 2026 WL 3263595, at *4 (Iowa Oct. 30, 2026), the court denied a motion to strike the State's appearance because "the State is an interested party" in the matter. *Id.* (quoting Iowa Code § 13.2(1)(*a*)). The court read § 13.2's "interested" requirement to call for a concrete stake in the outcome, and it noted that the party challenging the State's participation "did not object below." *Id.*

So too here. A State "must be able to designate agents to represent it in federal court," *Hollingsworth v. Perry*, 570 U.S. 693, 704–07 (2013), and Iowa has designated its Attorney General to appear wherever the State is interested. The State's interest here is the judgment's effect on the remedies of Iowa and Iowans, and Plaintiffs never objected to Iowa's participation below. ROA.2128 & nn.11–12. Iowa law thus authorizes the Attorney General to speak for the State here.

Intervention was unnecessary. *Devlin* rejected an intervention requirement for objectors bound by the judgment, finding it "difficult to see the value" of one. 536 U.S. at 12. And because CAFA notice arrives only after a settlement is struck, objection is the realistic path for a State; courts are reluctant to allow intervention after preliminary approval. *See Uponor*, 716 F.3d at 1066 (affirming denial of "ninth-inning-with-two-outs" motion). Schwab's insistence that Iowa

could not have intervened, Schwab Ltr. 8–10, only confirms that *Devlin*'s objector route is the one that matters. *Uponor* also noted the presumption that a class member's interests are adequately represented, *id.*, which is one more reason the objection process, not intervention, is the expected path. States are notified late in the game—district courts will be loath to allow them to intervene in the bottom of the ninth.

Plaintiffs say the district court's acceptance of Iowa's objection no more created standing than accepting an amicus brief would. MTD Reply 10. Iowa agrees that participation alone does not confer standing. Its standing rests on the judgment's effect on its remedies. Authority to participate is a separate question that the district court's order answered.

The fee order shows why the State's participation matters. Under a clear-sailing agreement, "Schwab agreed not to object" to fees up to $8.25 million. ROA.1323. The court then declined to apply the *Johnson* factors because "neither Plaintiffs' Counsel nor Defendant argue for an adjustment." ROA.2506. That overlooked Iowa, which sought a reduced multiplier because counsel obtained neither damages nor divestiture. ROA.1979–80. Plaintiffs recognized that the request "revisits . . . the *Johnson* factors," ROA.2293, and the court acknowledged that Iowa's objection went to "the amount involved and the results obtained," ROA.2512. Disclaiming *Johnson* in these circumstances is an abuse of discretion. *Torres v. SGE Mgmt., LLC*, 945 F.3d 347, 354 (5th Cir. 2019); *see Fessler v. Porcelana Corona De Mexico, S.A. DE C.V.*, 23 F.4th 408, 417 (5th Cir. 2022). Also absent from the *Johnson* factor discussion was the degree of success obtained on the merits, which the district court acknowledged was the "most critical factor"

before failing to address it. *See* ROA.2496 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983)); *see Fessler*, 23 F.4th at 418–19.

Plaintiffs and Schwab agree that only Iowa preserved the fee challenge. Schwab adds that Huang cannot press Iowa's CAFA objection either. Pls. Br. 76–77; Schwab Ltr. 2. At argument, they contended that reaching it through any other appellant would violate the party-presentation principle of *United States v. Sineneng-Smith*, 590 U.S. 371 (2020). That position proves Iowa's point. When the settling parties agree not to contest fees, a State served under CAFA may be the only adverse voice. Iowa framed this issue below and on appeal. Plaintiffs now ask the Court to treat the State's participation as the reason the error must go uncorrected.

## III. The Court Should Resolve These Questions Now Rather Than Remand.

No party asks for a remand. Schwab agrees that this Court "should decide these issues" and that a remand "would serve no purpose." Schwab Ltr. 1, 10. That is correct. Every appellate court has a "special obligation" to satisfy itself of its own jurisdiction, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95 (1998), and *Hollingsworth* and *Devlin* each decided appellate standing or party status without remand. 570 U.S. at 704–07; 536 U.S. at 7–14. The district court, for its part, has already answered the participation question. It invited objections from "other Person[s]," accepted Iowa's, and ruled on it by name. ROA.1181; ROA.2516–20. Every relevant fact is in the record, and the questions have been briefed three times and argued. As the Ninth Circuit recently explained, "a court's prior investment of time in preparing a decision is a relevant factor" when an appeal is "fully briefed and argued." *Newsom v. Trump*, 2026 WL 3179607, at *3 (9th Cir. Oct. 23, 2026).

A remand could only invite an intervention motion that *Devlin* makes unnecessary. The class definition, the release, the objection order, the settlement's definitions, the CAFA notice Iowa received, and the district court's rulings are all in the record. The questions are legal, and they have been briefed in the motion papers, eleven pages of Plaintiffs' merits brief, Pls. Br. 30–41, and this letter, and they were argued on October 23.

Delay falls on the class. The settlement takes effect only when the judgment is final, ROA.1353 ¶ 12.1, and the compliance consultant is not retained until then, ROA.1341 ¶ 2.2(b). The fee, by contrast, was "payable . . . within fifteen (15) business days . . . notwithstanding . . . potential for appeal." ROA.1349 ¶ 7.2. A remand leaves counsel's award in place while the class waits. Huang's appeal brings the settlement's fairness before the Court regardless, yet, on Plaintiffs' view, the fee calculation part of that fairness under Rule 23(e)(2)(C)(iii) would await a second appeal. And the *Johnson* error is clear on the order's face, needing no development. ROA.2506–07; *Torres*, 945 F.3d at 354.

**Conclusion**

Iowa has Article III standing, because the judgment binds the State's *parens patriae* remedies, was entered through a process Congress conditioned on notice to the State, and disposes of the claims of every Iowan in a mandatory class. Iowa had authority to participate as an objector under the district court's order and the CAFA framework, and *Devlin* confirms that it may appeal without having intervened. The Court should decide those questions now, deny Plaintiffs' motion to dismiss, and reach the merits. The Court should then reverse the orders approving the settlement and awarding fees.

Respectfully submitted,

*/s/Eric H. Wessan*

ERIC H. WESSAN
*Solicitor General*
Hoover State Office Building
1305 East Walnut Street
Des Moines, Iowa 50319
(515) 823-9117
eric.wessan@ag.iowa.gov

cc: Counsel of record (via ECF)

## CERTIFICATE OF SERVICE

I, Eric H. Wessan, hereby certify that on November 6, 2026, I electronically filed the State of Iowa's Letter Brief pursuant to the Court's directive with the Clerk of Court of the United States Court of Appeals for the Fifth Circuit using the CM/ECF system. Pursuant to that directive, this Notice does not exceed 10-pages. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

November 6, 2026

*/s/ Eric H. Wessan*
ERIC H. WESSAN
*Solicitor General*